UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY AYERS, | Civil Action No. 17-4560 (MCA) |
| Petitioner, | |
| v. | OPINION |
| STEVEN JOHNSON, et al., | |
| Respondents. | |

I. **INTRODUCTION**

This matter has been opened to the Court by the State's filing of a motion to dismiss the Petition as untimely under The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, tit. I, § 101 (1996). Because Petitioner has not provided enough evidence to support his assertion that he handed his petition to prison officials for filing within the one-year limitations period or provided a valid basis for equitable tolling, the Court will grant the motion to dismiss the Petition as untimely and declines to issue a certificate of appealability.

II. **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

Petitioner's Judgment of Conviction is dated August 6, 2009. (ECF No. 6-7, Ex. B.) Petitioner appealed, and on May 20, 2011, the Appellate Division affirmed Petitioner's conviction and sentence. (ECF No. 6-8, Ex. C.) On November 14, 2011, the New Jersey Supreme Court denied the petition for certification. (ECF No. 6-9, Ex. D.) On January 9, 2012, Petitioner filed a pro se petition for post-conviction relief. (ECF No. 6-10, Ex. E.) On September 26, 2013, the PCR court granted the petition in part and vacated his sentence. (ECF No. 6-11, Ex. F.) The PCR court also granted the State's motion for a stay pending an appeal, (ECF No. 6-12, Ex. G), and, on

1

July 25, 2014, the Appellate Division reversed the PCR court's decision and reinstated Petitioner's conviction and sentence. (ECF No. 6-13, Ex. H.) On January 7, 2015, the New Jersey Supreme Court denied the petition for certification. (ECF No. 6-14, Ex. I.)

Petitioner submitted a petition for writ of habeas corpus dated June 9, 2017. (ECF No. 1, Pet. at 16.) Together with his Petition, Petitioner submitted a letter asserting that he mailed his initial habeas corpus petition ("the 2015 Petition") and the five-dollar filing fee on July 31, 2015. (ECF Nos. 1, Pet. at 29; 1-2). Petitioner also submitted copies of letters he wrote to the Clerk of the Court, dated January 8, 2016, July 26, 2016, and April 7, 2017, but only the April 7, 2017 letter is stamped received of the Clerk's Office. (ECF No. 1-2, at 1-6.) Because there was no record of the 2015 Petition or the 2016 follow-up letters, and the current Petition dated June 9, 2017 was submitted beyond the one-year limitations period established by AEDPA, the Court directed Petitioner to show cause as to why the Petition should not be dismissed as untimely. The Court directed Petitioner to submit (1) a signed and dated copy of the July 31, 2015 petition, (2) proof of postage and any other evidence showing the date on which he handed his petition to prison officials for filing, and (3) a certification sworn under penalty of perjury stating the date on which he handed his original habeas petition to prison officials for filing. (ECF No. 2.)

In response to the Order to Show Cause, Petitioner submitted a signed typewritten petition dated July 31, 2015, and a sworn certification stating that he placed the 2015 Petition in the mailing system on July 31, 2015. (ECF No. 3.) He did not, however, submit any prison records, such as his prison account statement, showing the relevant deductions for postage or payment of the filing fee in connection with the July 31, 2015 petition or the January 8, 2016 and July 26, 2017 follow-up letters. In his response, Petitioner further asserts that he relies on paralegals to prepare his filings and that he has no other evidence that he mailed the petition in July 2015. Petitioner also

asserts that he believed his petition was in the hands of the District Court but does not explain why he is unable to provide any records, such as his prison account statement, to show that the 2015 Petition was mailed on or about July 31, 2015. Petitioner also asks the Court to afford him equitable tolling due to extraordinary circumstances and asserts that he has a credible claim of actual innocence. (*See id.*)

Upon review, the Court reserved on the issue of timeliness, and directed Respondents to answer the Petition, *i.e.*, ECF No. 1.[1] (*See* ECF No. 4.) On March 8, 2019, Respondent filed a motion to dismiss the Petition as untimely. (ECF No. 6.) Petition did not submit a reply.

## III. ANALYSIS

The AEDPA, which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254, was enacted on April 24, 1996. Because the Petition in this case was filed after its effective date, AEDPA is applicable to this case. *See Werts v. Vaughn*, 228 F.3d 178, 195 (3d Cir. 2000).

Respondents assert that the Petition is untimely under AEDPA, which requires a state prisoner file his or her federal habeas petition within one year after his or her conviction becomes final. Specifically, AEDPA provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

[1] In the Order to Answer, the Court noted that Petitioner failed to comply with the Court's prior Order and had not provided enough evidence that he originally submitted the 2015 Petition to prison officials for filing on July 31, 2015. (*Id.*) The Court warned Petitioner that he must provide any additional proof he has that he handed his petition to prison officials for filing on July 31, 2015 and mailed follow up letters to the Clerk's Office in 2016 in connection with the 2015 Petition. The Court also informed Petitioner that he may make any arguments for equitable tolling. (*Id.*)

3

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2254(d)(1)(A), the conclusion of direct review occurs when the Supreme Court of the United States affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari; where a prisoner chooses not to seek a writ of certiorari, then the conviction becomes final when the time for filing a certiorari petition expires. *See Jimenez v. Quarterman*, 555 U.S. 113, 119, (2009) (applying this principle to petitioner filed under § 2254). Furthermore, under 28 U.S.C. 2241(d)(2),"[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." This exception to the one-year limitation period is known as statutory tolling and provides that the one-year limitations period is tolled during the time a properly filed application for post-conviction relief is pending. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003). To fall within the AEDPA tolling provision, the petition for state post-conviction review must have been

4

both pending and "properly filed." *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir.), *cert. denied, Horn v. Fahy*, 534 U.S. 944 (2001). However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one-year state of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. D.A. of the County of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

Here, the New Jersey Supreme Court denied certification on January 7, 2015, concluding Petitioner's state court proceedings, and the Petition in this matter (ECF No. 1) is dated June 9, 2017, well outside the one-year limitations period. In his cover letter, Petitioner asserts that he previously submitted a habeas petition on July 31, 2015, and attaches follow-up letters dated January 8, 2016, July 26, 2016, and April 7, 2017. (ECF No. 1-2, at 2-3.) The June 9, 2017 cover letter is stamped received on June 21, 2019. (ECF No. 1-2 at 1-6.) The April 7, 2017, letter is stamped received on April 11, 2017. (*Id.*) In response to the Order to Show Cause, Petitioner also provided an unstamped "copy" of the 2015 Petition.

"[A] pro se prisoner's habeas petition is deemed filed the moment he delivers it to prison officials for mailing to the district court." *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (citing *Houston v. Lack*, 487 U.S. 266 (1988). This rule is known as the prisoner mailbox rule. Here, Petitioner has provided insufficient evidence that he handed the petition to prison officials on or about July 31, 2015 and mailed follow up letters on or about January 8, 2016 and July 26, 2016, as these documents bear no date stamps. Petitioner's assertions and the unstamped "copies" provided, without more, do not show that he mailed his petition in July 2015 or followed up with the Clerk's Office twice in 2016, absent proof of deductions for postage, the filing fee, or some other evidence that these documents were actually handed to prison officials for filing. Nor has Petitioner provided any explanation as to why he is unable to provide his

5

prisoner account statements showing the relevant deductions. Because Petitioner has not shown that the 2015 Petition was handed to prison officials for filing on or about July 31, 2015 or within the one-year limitations period, the Court finds that the Petition is untimely.

The Court next addresses equitable tolling. The United States Supreme Court has held that the habeas time bar is not jurisdictional but is instead subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010). In *Holland*, the Supreme Court held that equitable tolling is proper only where the petitioner "shows (1) that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649. Petitioner bears the burden of proving both requirements. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Urcinoli v. Cathel*, 546 F.3d 269, 273 (3d Cir. 2008). Excusable neglect is insufficient to warrant equitable tolling. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).

Even if the Court were to assume that Petitioner, who relies on assistance of paralegals, mistakenly believed his petition was mailed to the District Court on or about July 31, 2015, he has not established a valid basis for equitable tolling. Petitioner has not asserted any facts showing that any extraordinary circumstances that prevented his timely filing of the petition. Nor has he shown reasonable diligence. With respect to the latter, Petitioner has not provided sufficient evidence that the January 8, 2016 and July 26, 2016 follow-up letters were handed to prison officials for filing. The first follow-up letter that is stamped received by the Clerk of the Court is dated April 9, 2017, which is 618 days after he asserts that he submitted his petition for filing. As such, even if Petitioner could establish extraordinary circumstances and mistakenly believed the 2015 Petition was mailed to the Clerk of the Court on or about July 31, 2015, he has not shown he was reasonably diligent in pursuing his rights.

6

Finally, Petitioner seeks to excuse his petition's untimeliness based on the actual innocence exception to procedural default recognized in *Schlup v. Delo*, 513 U.S. 298 (1995), and extended to include time-barred petitions in *McQuiggin v. Perkins*, 569 U.S. 383 (2013). To qualify for this exception, the petitioner must present new, reliable evidence showing it is more likely than not that no reasonable juror would have voted to convict him. *Reeves v. Fayette SCI*, 897 F.3d 154, 157 (3d Cir. 2018) (citing *Schlup*, 513 U.S. at 324). Petitioner has not provided such evidence. As such, it appears that the actual innocence exception is inapplicable.

## IV. CONCLUSION

For the reasons explained in this Opinion, the Court will dismiss the Petition as untimely.[2] When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim[s], a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Didiano v. Balicki*, Civil Action No. 09–2315 (FLW), 2010 WL 1752191, at *6-7 (Apr. 29, 2010) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, reasonable jurists would not find the Court's procedural ruling debatable. Accordingly, no certificate of appealability shall issue. An appropriate Order follows.

Madeline Cox Arleo, District Judge
United States District Court

---

[2] To the extent Petitioner can provide his prison account statements showing the deductions for postage and the filing fee for the 2015 Petition or the follow-up letters in 2016, he may file a motion under Fed. R. Civ. P. 59(e).

7